UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------

THOMAS E. PEREZ, Secretary of Labor, : Civil Action File
United States Department of Labor,
: No. 16-cv-01507-FB-PK
Plaintiff,
v. : CONSENT JUDGMENT

DESIGNS BY FERNANDO, LTD., :
HERMAN F. RAMIREZ, Individually
and as Officer and DAVE IRIZARRY,
Individually and as Officer,

Defendants. :

--------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 7 - 2016 ★
BROOKLYN OFFICE

WHEREAS on August 24, 2015 the Department of Labor's Wage and Hour Division conducted an investigation of defendants DESIGNS BY FERNANDO, LTD., HERMAN F. RAMIREZ, and DAVE IRIZARRY ("Defendants"), and

WHEREAS in or about October 2014, the Wage and Hour Division found that Defendants had paid straight time to employees for hours worked over forty (40), Defendants had failed to pay overtime compensation or keep records in accordance with the Fair Labor Standard Act, and

WHEREAS Defendants paid $50,211.05 in back wages to resolve the Wage and Hour Division's October 2014 investigation, and

WHEREAS Plaintiff, the Secretary of Labor, has filed his Complaint alleging that Defendants again paid employees straight time for hours worked over forty (40) in a single week, and failed to pay overtime compensation and keep records as required by the Fair Labor Standards Act, Defendants appeared by Counsel, waive their answer, and agree to the entry of

this judgment without contest. By executing this Consent Judgment, Defendants waive formal service of process of the summons and complaint in this matter.

Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this court if they fail to comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for plaintiff and for cause shown ORDERED that:

I. Defendants, their officers, employees, agents, and all persons acting or claiming to act in the Defendants' behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

(1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2) Defendants shall pay employees at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employee receives compensation in compliance with the Act.

2

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 C.F.R. Part 516.

(4) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in any of the following activities:

    a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

    b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship.

    c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

II. ORDERED that Defendants are enjoined and restrained from withholding the payment of a total of $39,850.05 in overtime compensation plus post-judgment interest in the amount of $486.47 due certain employees listed on Exhibit A.

III. ORDERED that Defendants shall pay $39,850.05 in liquidated damages due and owing to Defendants' employees listed in Exhibit A, and $6,930.00 in civil money penalties for minimum wage and overtime violations.

IV. To accomplish the requirements of paragraphs II and III, Defendants shall deliver the following payments:

   a. Payments of back wages and liquidated damages will be made in monthly installments in accordance with the amounts and due dates set forth in Exhibit B. All installment payment(s) shall be in separate *cashier or certified checks* made payable to **"Wage and Hour Division - Labor" with "Case No. 1769392" written on the face of each check.**

   b. Payment for civil money penalties shall be made by cashier or certified check made payable to **"Wage and Hour Division - Labor"** no later than **March 20, 2017.** Case No. "1769392 "and "Civil Money Penalties" shall be written on the face of the check.

   c. Defendants shall send all checks to:

      **U.S. Department of Labor/Wage & Hour Division
      The Curtis Center, Suite 850, West
      170 S. Independence Mall West
      Philadelphia, PA 19106-3317**

      **Attention: Kim Norwood**

   Defendants shall send a copy of each of the checks to **U.S. Department of Labor, Wage & Hour Division, 1400 Old Country Rd. Suite 410 Westbury, NY 11590, Attn: Elaine Guzzo.**

V. If Defendants fail to make an installment payment on Exhibit B without making up the arrearage within two weeks, the entire balance shall become due and payable immediately. No action or inaction by the Plaintiff constitutes waiver of this paragraph.

VI. ORDERED that neither Defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this

4

Judgment.

VII. The Plaintiff shall deliver the proceeds of each check less any legal deductions to the employees named on Exhibit A. Any sums not distributed to the employees or to their personal representatives or estates within a period of three years, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited in the Treasury of the United States as miscellaneous receipts pursuant to 29 U.S.C. § 216(c).

VIII. Defendants shall provide to Plaintiff the social security numbers and last known addresses of Defendants' employees and former employees to be paid under this judgment within 20 days of the date of entry of this Judgment.

IX. ORDERED that if Defendants fail to make the payments as set forth above, upon notice to the Defendants, the Court shall appoint a Receiver to effectuate all of the terms of this Consent Judgment. In the event a Receiver is appointed:

   a. Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

   b. All the expenses of the accountant or Receiver shall be borne solely by defendants.

   c. If the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied.

   d. The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt

5

that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment.

X. ORDERED that within fifteen (15) days of the execution of this Judgment, Defendants shall place FLSA posters in English and in any other language spoken by the employees. These posters will be provided by the Wage and Hour Division as available. Defendants shall display the posters where employees may view them.

XI. ORDERED that Defendants shall orally inform all their employees in English and in any other language spoken by the employees of the their rights under the Fair Labor Standards Act, and the terms of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Act without fear of retaliation. The Defendants shall so inform their employees within thirty (30) days of the entry of Judgment on a workday.

XII. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendant not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against defendant under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Judgment to file any action against defendant under section 16(b) of the Act for any violations alleged to have occurred after November 21, 2015.

XIII. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

DATED: 4/6/11, 2016

SO ORDERED:

_____
HONORABLE FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE

| BY: *signature* HERMAN F. RAMIREZ, individually | DESIGNS BY FERNANDO, LTD. *signature* By: HERMAN F. RAMIREZ, President/Owner |
|---|---|
| *signature* DAVE IRIZARRY, Individually | *signature* James O. Bruker, counsel for Defendants 1325 Franklin Ave Garden City, New York 11530 |

8

STATE OF New York )
COUNTY OF Suffolk ) :SS:

On the 30th day of MARCH, 2016 before me came Herman F. Ramirez to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of Designs By Fernando LTD described in and which executed the foregoing instrument, that he signed his name thereto by like order.

STEVEN R. LUCAS
Notary Public, State of New York
Qualified in Suffolk County
No. 01LU6280058
Commission Expires 04/15/20[?]

NOTARY PUBLIC

STATE OF New York )
COUNTY OF Suffolk ) :SS:

On the 30th day of MARCH, 2016 before me came Dave Irizarry, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

STEVEN R. LUCAS
Notary Public, State of New York
Qualified in Suffolk County
No. 01LU6280058
Commission Expires 04/15/20[?]

NOTARY PUBLIC

9

# EXHIBIT A

| First Name | Last Name | Back Wages Due | Liquidated Damages | Total Back Wages and Liquidated Damages |
|---|---|---|---|---|
| Diego | Cano | $1,296.25 | $1,296.25 | $2,592.50 |
| Joaquin | Figueroa | $1,216.80 | $1,216.80 | $2,433.60 |
| Edgar | Hernandez | $1,380.84 | $1,380.84 | $2,761.68 |
| Marco V. | Hernandez-Rivera, | $1,625.40 | $1,625.40 | $3,250.80 |
| David | Khan | $2,780.40 | $2,780.40 | $5,560.80 |
| Fazir | Khan | $2,994.38 | $2,994.38 | $5,998.76 |
| Alfonso | Laines | $807.09 | $807.09 | $1,614.18 |
| Edy Alfonso | Laynes | $2,666.00 | $2,666.00 | $5,322.00 |
| Franco | Laynes-Morales | $2,073.15 | $2,073.15 | $4,146.30 |
| Joao | Marques | $2,471.88 | $2,471.88 | $4,943.76 |
| Pablo | Nacipucha | $1,329.63 | $1,329.63 | $2,659.26 |
| Elder Solomon | Orellana-Aragon | $3,885.38 | $3,885.38 | $7,770.76 |
| Christofer | Ortega | $2,047.50 | $2,047.50 | $4,095.00 |
| Jose | Ruiz | $1,998.28 | $1,998.28 | $3,996.56 |
| Waldemar | Ruiz | $2,041.03 | $2,041.03 | $4,082.06 |
| Luis Felipe | Tobar | $2,914.41 | $2,914.41 | $5,828.82 |
| Marco | Tobar-Morales | $3,564.75 | $3,564.75 | $7,129.50 |
| Noe | Tobar-Morales | $2,756.88 | $2,756.88 | $5,513.76 |
| Total | | $39,850.05 | $39,850.05 | $79,700.100 |

# EXHIBIT A

# EXHIBIT B

| Payment No. | Due on or Before | Back Wage and Liquidated Damages Principal | Post-judgment Interest | Total Payment Due |
|---|---|---|---|---|
| 1* | 10 Days of Judgment | $6,611.29 | $66.42 | $6,677.71 |
| 2* | 04/20/2016 | $6,616.80 | $60.91 | $6,677.71 |
| 3* | 05/20/2016 | $6,622.32 | $55.39 | $6,677.71 |
| 4* | 06/20/2016 | $6,627.84 | 49.87 | $6,677.71 |
| 5* | 07/20/2016 | $6,633.36 | 44.35 | $6,677.71 |
| 6* | 08/20/2016 | $6,638.89 | 38.82 | $6,677.71 |
| 7** | 09/20/2016 | $6,644.42 | 33.29 | $6,677.71 |
| 8 | 10/20/2016 | $6,649.96 | 27.75 | $6,677.71 |
| 9 | 11/20/2016 | $6,655.50 | 22.21 | $6,677.71 |
| 10 | 12/20/2016 | $6,661.04 | 16.67 | $6,677.71 |
| 11 | 01/20/2017 | $6,666.59 | 11.12 | $6,677.71 |
| 12 | 02/20/2017 | $6,672.09 | 5.56 | $6,677.65 |
| 13*** | 03/20/2017 | $6,930.00 | $54.11 | $6,984.11 |
| Total | | $79,700.10 | $486.47 | 80,186.57 |

\* Payments are for liquidated damages
\*\* Payment is for liquidated damages and back wages
\*\*\* Payment is for Civil Money Penalties

# EXHIBIT B